**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHRISTIAN ANGELO JOAZARA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,

No. 97-2573

Respondent.

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION IMMIGRANTS' RIGHTS
PROJECT,
Amicus Curiae.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A27-537-321)

Argued: March 1, 1999

Decided: August 10, 1999

Before ERVIN, MICHAEL, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished opinion. Judge Ervin wrote the opinion, in
which Judge Michael and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Lee P. Gelernt, AMERICAN CIVIL LIBERTIES
UNION, New York, New York, for Amicus Curiae. David Goren,
LAW OFFICE OF DAVID GOREN, Silver Spring, Maryland, for

Petitioner. Ethan B. Kanter, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Lucas Guttentag, Michael J. Wishnie, Cecillia Wang, Immigrants' Rights Project, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, New York, New York, for Amicus Curiae. Frank W. Hunger, Assistant Attorney General, Michael P. Lindemann, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

Petitioner Christian Angelo Joazara ("Joazara") appeals a final order of deportation issued by the Bureau of Immigration Appeals ("BIA"). Joazara is a resident alien facing deportation due to multiple criminal convictions. On that basis, the BIA found him ineligible for the discretionary relief for which he petitioned. Because we determine that Joazara is an alien convicted of deportable criminal offenses, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 309(c)(4)(G), 110 Stat. 3009-546, 3009-626 to -637 (1997) ("IIRIRA"), divests this Court of subject matter jurisdiction over his case. We therefore dismiss his petition.

I.

Joazara, a native of Madagascar, is a resident alien who first came to the United States as the dependent child of a diplomat. His visa expired in 1987 and Joazara never applied to become a legal alien. Without a lawful visa, Joazara is an illegal alien.

From 1989 to 1993, Joazara was indicted on approximately eight

different criminal counts and pled guilty to all but one of them. On June 29, 1994, the INS issued a show cause order charging Joazara with deportability due to his conviction of two crimes of moral turpitude, an aggravated felony, and a crime involving the use of a firearm under the Immigration and Nationalization Act ("INA") §§ 241 (a)(2)(A)(ii), 241(a)(2)(A)(iii), and 241(a)(1)(C)(I) respectively.[1] See 8 U.S.C.A. §§ 1227(a)(2)(A)(ii), 1227(a)(2)(A)(iii), 1227(a)(2)(C) (West 1999) (previously codified at 8 U.S.C.A. § 1251).

Joazara conceded deportability on all charges and applied for relief under INA § 212(h), 8 U.S.C.A. § 1182(h) (West 1999). Section 212(h) allows the Attorney General to waive certain criminal grounds for exclusion by taking into account the hardship of deportation on the petitioner.

The case was heard by an Immigration Judge who denied Joazara's § 212(h) application and ordered him deported. The Immigration Judge concluded that § 212(h) afforded relief to aliens who were in exclusion proceedings and not those, like Joazara, in deportation proceedings. Furthermore, the Immigration Judge determined that even if Joazara were in exclusion proceedings, § 212(h) relief could only be considered in conjunction with an application for lawful permanent residence, which he had not filed.

Joazara appealed the Immigration Judge's decision to the BIA, arguing that the ruling violated the Equal Protection Clause of the Fourteenth Amendment. Specifically, Joazara contended that, because he was similarly situated to criminal aliens who were seeking re-entry to the U.S. or were applying for lawful permanent residence, he should be equally eligible for § 212(h) relief. The BIA agreed with the Immigration Judge's conclusion and dismissed Joazara's appeal on October 17, 1997.

_____

[1] In May 1989, Joazara was arrested for stealing a car and eventually pled guilty to the misdemeanor offense of unauthorized use of a vehicle. Two years later, he plead guilty to theft after being charged with conspiracy to distribute cocaine, attempted robbery, and attempted theft. In 1992, Joazara plead guilty to battery, attempted robbery, and a probation violation. Finally, he was convicted of robbery with a dangerous and deadly weapon and the use of a handgun in a crime of violence in 1993.

In its decision, the BIA noted that § 212(h) relief can only be considered in conjunction with an application for lawful permanent residence, an adjustment of immigration status, or an application for a visa of admission to the U.S. If the BIA granted Joazara relief without such documentation, the Board reasoned, it would be allowing a criminal alien to remain in the United States illegally. Because Joazara failed to legalize his immigration status, he was not similarly situated to the other groups of aliens who are statutorily eligible for § 212(h) relief, and the BIA found no equal protection violation. Joazara appealed the BIA's decision to this Court in October, 1997.

In December, 1997, the INS moved this Court to dismiss or deny Joazara's petition on grounds that the IIRIRA § 309(c)(4)(G) eliminated our jurisdiction. Joazara argued in response that denying judicial review of his deportation order violated due process and separation of powers principles. This Court deferred action on the INS' motion and calendared the case for oral argument.

The facts of this case are not in dispute, thus our review is solely for errors of law. Questions of law are subject to a de novo review. See Plyler v. Moore, 129 F.3d 728, 734 (4th Cir. 1997).

II.

The first question we must consider is whether the IIRIRA removes our jurisdiction over Joazara's appeal. Previously, our jurisdiction over criminal deportation cases was governed by INA § 106, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Passage of the IIRIRA on September 30, 1996 brought the repeal of INA § 106 and the implementation of new rules restricting our review of appeals from the BIA. See IIRIRA § 309. Even though most of these changes did not take effect until April 1, 1997, the IIRIRA included transitional rules applicable to aliens involved in deportation proceedings prior to the Act's effective date and whose deportation orders were entered more than thirty days after September 30, 1996. See IIRIRA §§ 309(c)(1), (4). Because Joazara was in deportation proceedings before April 1, 1997 and his deportation order did not become final until October 17, 1997, the transitional rules apply in this case.

4

The transitional rules provide that:

> there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act (as in effect as of [September 30, 1996]), or any offense covered by section 241(a)(2)(A)(ii) of such Act . . . for which both predicate offenses are . . . covered by section 241(a)(2)(A)(i) . . . .

IIRIRA § 309(c)(4)(G). Each of Joazara's offenses fall within the purview of this rule,[2] and a reading of the plain language of the statute suggests that we are prohibited from reviewing Joazara's BIA appeal.

We addressed this same issue in Hall v. INS, 167 F.3d 852 (4th Cir. 1999). There we held that the "IIRIRA removes our jurisdiction over the appeals of those aliens who are deportable by reason of their conviction of certain offenses." 167 F.3d at 854. We limited our ruling in Hall, however, concluding that these jurisdiction-limiting procedures are only triggered when certain jurisdictional facts are present; the petitioner must be (1) an alien, (2) who has been convicted of one of the statutorily enumerated offenses requiring deportability. See id. at 855. Our jurisdiction turns on proof of these facts. If we find that Joazara's appeal presents these jurisdictional facts, we must dismiss his petition. See id.

III.

Joazara conceded deportability due to his criminal convictions prior to his hearing before the Immigration Judge. In doing so, he acquiesced that he is an alien deportable because of his convictions of the specified offenses. He indicated nothing to the contrary in his

---

[2] As of September 30, 1996, INA § 241(a)(2)(A)(ii) applies to any alien that is convicted of two or more crimes involving moral turpitude, and INA § 241(a)(2)(A)(iii) to any alien convicted of an aggravated felony. See 8 U.S.C.A. §§ 1227(a)(2)(A)(ii), (iii). INA § 241(a)(1)(C)(I) concerns aliens who violate their nonimmigrant status. See 8 U.S.C.A. § 1227(a)(1)(C)(i).

5

briefs or at oral argument. Furthermore, because the offenses for which Joazara was convicted are clearly enumerated within the text of IIRIRA § 309(c)(4)(G), there is no dispute that his crimes render him deportable.

IV.

Because Joazara is an alien who committed offenses that make him deportable under INA §§ 241(a)(2)(A)(ii), (iii), and 241(a)(1)(C)(I), IIRIRA § 309(c)(4)(G) removed this Court's jurisdiction over his appeal.**3** Accordingly, this petition is

DISMISSED.

_____

**3** In Hall, we also held that denying a criminal alien's direct appeal of a final BIA decision of deportability on jurisdictional grounds did not violate due process. See 167 F.3d at 856-57. In that case, as here, this Court found that when a petitioner has notice of the charges against him, an opportunity to be heard before an immigration judge, and appellate review in the BIA and in an Article III court, he"has received all of the process that the Constitution requires--perhaps more." Id. at 857.

6